IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLORIA SCARNATI,

        Plaintiff,                         11cv1143
                                             **ELECTRONICALLY FILED**

        v.

PA OFFICE OF THE INSPECTOR
GENERAL,

        Defendant.

**MEMORANDUM ORDER RE: DEFENDANTS' MOTION TO DISMISS (DOC. NO. 7) AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 9)**

*I.    Introduction*

In the instant case, Plaintiff, Gloria E. Scarnati (herein after "Plaintiff") alleges that Defendants, Pennsylvania Office of Inspector General, and Donald L. Patterson, former Director of the Office of Inspector General ("OIG")[1]: (1) violated her "4th Amendment Constitutional Civil Right to Privacy and Security of her papers" by leaving an OIG business card in her door without a warrant and "in plain sight for anyone who walked by" and (2) violated the 14th Amendment by failing to serve her with a copy of the Complaint that "may have been filed" against her. Doc. No. 3. Plaintiff demands judgment against Defendants in the amount of $200,000.00 or a signed letter of apology from the current OIG Director and her entire file. Id.

Presently before this Court is Defendants' Motion to Dismiss. Doc. No. 7. Plaintiff filed a Motion for Summary Judgment (Doc. No. 9) simultaneously with filing her Response to Defendants' Motion to Dismiss (Doc. No. 10). For the reasons which follow, Defendant's

---

[1] Although specified, it appears uncontroverted that Donald Patterson is being sued in his official capacity as the former Director of the OIG.

Motion to Dismiss (Doc. No. 7) will be **GRANTED** and Plaintiff's Motion for Summary Judgment (Doc. No. 9) will be **DENIED AS MOOT**.

## II.     *Standard of Review*

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading.  Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the …claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly*, 550 U.S. 554 and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009), the United States Court of Appeals for the Third Circuit, recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 1950.  Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id*.  This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-3539, 2011 F.3d WL 2044166, at *2 (3d Cir. May 26, 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief."  "While legal conclusions can

provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11.

The Court may not dismiss a Complaint (or Counterclaim) merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556, 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint (or Counterclaim) that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212; *See also Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009). In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

### III.     Discussion

*A.   Defendants' Motion to Dismiss (Doc. No. 7)*

The Court will first address Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 7) because if said Motion is granted, it would moot Plaintiff's subsequent Motion for Summary Judgment (Doc. No. 9).

Plaintiff's Complaint must be dismissed because her claims are barred by the Eleventh Amendment. A United States District Court cannot hear a lawsuit against a state and its agencies. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Pennhurt State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). The OIG is such an agency according to precedential case law and therefore, is immune from the present action. *Will v. Michigan Dept. of State Police*, 491

U.S. 58, 71 (1989), *Patterson v. OIG*, 243 Fed. App'x 695 (3d Cir. 2007).[2]  Defendant Patterson is also immune from the present suit because no injunctive relief is sought against him. *PA Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 324 (3d Cir. 2002), *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990).

Plaintiff is correct that because of her *pro se* status, this Court must view her Complaint in a less strigent light than those Plaintiffs who have retained counsel. Doc. No. 10, 3. This Court has taken all of Plaintiff's allegations in the Complaint as true, and viewed it in the light most favorable to her; however, even if Defendants were not immune to suit, Plaintiff's Complaint fails to make any cognizable claim against either Defendant. Plaintiff's allegation that one of Defendants' agent violated her constitutional rights by leaving an OIG business card on her door without a warrant is unfounded because such action does not violate the Fourth Amendment. *See Estate of Smith v. Marasco*, 318 F.3d 497, 519 (3d Cir. 2003) (law enforcement may approach a resident to speak to an inhabitant "just as any private citizen may."). Plaintiff also alleges that there "may have been" a Complaint filed against her (she does not specify if it is criminal or civil or who the Plaintiff(s) in that lawsuit is/are), but that she was not notified of any such Complaint. Because there is no allegation of actions which could constitute a violation of the law (in terms of the alleged Complaint that may exist), Plaintiff's allegations do not constitute a cause of action against either Defendant.

---

[2] Plaintiff alleges that Defendants failed to answer her Complaint, which shows obvious guilt and liability. Doc. No. 10, 3. However, pursuant to Federal Rule of Civil Procedure 12(b), a Motion to Dismiss must be filed before an Answer. ("A motion asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed."). Plaintiff's further allegations that Defendants have violated the Federal Rules of Civil Procedure are without merit.

Accordingly, this Court must GRANT Defendants' Motion to Dismiss (Doc. No. 7). Furthermore, Plaintiff's Complaint will be dismissed WITH PREJUDICE because both Defendants are immune from suit making any leave to amend futile.

*B. Plaintiff's Motion for Summary Judgment (Doc. No. 9)*

The substance of Plaintiff's Motion for Summary Judgment will not be addressed because Defendants' Motion to Dismiss must be granted, thereby mooting Plaintiff's Motion. Said Motion (Doc. No. 9) will be DENIED.

*IV.     Order*

AND NOW, this 8th day of December 2011, for the preceding reasons, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (Doc. No. 7) is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**;

3. Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **DENIED**; and

4. The Clerk of Court shall mark this **CASE CLOSED**.

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:     All Registered ECF Counsel and *Pro Se* Parties

**GLORIA E. SCARNATI**
3567 Mountain View Dr
#119
Pittsburgh, PA 15122
PRO SE PLAINTIFF